## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| Vaughan Company, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 12-CV-_____ |
| | ) | |
| v. | ) | |
| | ) | |
| Global Bio-Fuels Technology, LLC, and | ) | |
| Richard Behnke, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) | |

## COMPLAINT

Plaintiff, Vaughan Company ("Vaughan Company"), by its attorneys, as and for its Complaint against Defendants Global Bio-Fuels Technology, LLC and Richard Behnke (together "Defendants"), alleges as follows:

### Nature of Action

1.      This case involves the actions of Vaughan Company's former employee, Richard Behnke, and his current limited liability company/employer, Global Bio-Fuels Technology, LLC, using for their own benefit copyrighted works belonging to Vaughan Company.  Defendants' actions in this regard constitute copyright infringement arising under the copyright laws of the United States, Title 17 of the United States Code.

### The Parties

2.      Plaintiff Vaughan Company (Vaughan) is a corporation organized under the laws of the State of Washington, having its principal place of business at 364 Monte-Elma Road, Montesano, WA.

3.      Vaughan was established in the 1960's and is a World leader in the design and manufacture of chopper pumps used in the fields of, just to name a few, commercial and municipal wastewater treatment.

4.      Defendant Richard Behnke ("Behnke") is an individual, and on information and belief, is domiciled at 403 6th Ave W, Shakopee, MN.

5.      Behnke was employed and paid a salary by Vaughan Company from about January 1, 2000 through about November 10, 2011. Behnke was employed as the Director of Mixing Technology of Vaughan Company, and, in that capacity, performed significant managerial and officer functions on behalf of Vaughan.

6.      On information and belief, Behnke is currently the owner, officer, member, shareholder, president and/or employee of Defendant Global Bio-Fuels Technology, LLC ("GBFT").

7.      On information and belief, Behnke is: (a) the founder of GBFT, (b) the central figure in the limited liability company, and (c) actively involved in the direction of virtually all aspects of GBFT's business.

8.      According to the records of the Secretary of State of Minnesota, GBFT is a limited liability company organized and existing under the laws of Minnesota, with its registered office located at 1160 Vierling Drive, #300, Shakopee, MN 55379.

9.      On information and belief, GBFT was created on or about June 14, 2010. At that time, Behnke was employed with Vaughan Company.

10.     Behnke never disclosed his simultaneous employment with GBFT to Vaughan Company, nor sought approval from Vaughan Company for his simultaneous employment with GBFT.

11.     On information and belief, GBFT competes with Vaughan Company in the design and manufacture of pump mixing system products and services.

12.     On information and belief, GBFT advertises through its website, www.globalbiofuelstech.com.

13.     The website, www.gobalbiofuelstech.com was registered by Behnke on or around November 19, 2011.

### Jurisdiction and Venue

14.     This Court has exclusive jurisdiction over the subject matter of this case under 28 U.S.C. § 1331 (federal question), and § 1338(a) (copyright infringement).

15.     This Court has personal jurisdiction over GBFT.  GBFT is a company organized under the laws of the State of Minnesota, and has its principal place of business in Minnesota and in this District.

16.     This Court has personal jurisdiction over Behnke at least because Behnke is a resident of the State of Minnesota and this District.

17.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§1391(b)(1) and/or 1400(a).

## PERTINENT FACTS

Behnke's Employment with Vaughan Company

18.     Behnke was hired by Vaughan on or about January 1, 2000 as a Regional Sales Manager.

19.     As Regional Sales Manager, Behnke was responsible for making sales presentations to customers and potential customers on the Vaughan ROTAMIX® product.

20.     Behnke was later given the title of "Director of Mixing Technology" at Vaughan Company, a position for which there was no predecessor or successor.

21.     During his employment at Vaughan Company, Behnke was found by company executives to be undermining Vaughan Company to customers and potential customers. By way of example only, Behnke, on information and belief, told consulting engineers that Vaughan Company was doing things wrong in how it implemented its mixing systems, specifically the ROTAMIX® product.

22.     On information and belief, Behnke solicited and made GBFT equipment sales to Vaughan Company U.S. customers while working for Vaughan Company. By way of example only, in or about August 2011 during a business trip to California at Vaughan Company expense, Behnke sold light weight nozzles of his own design for a Vaughan Company mixing system to an existing Vaughan Company customer, University of California, Davis, in direct competition with Vaughan Company.

23.     On information and belief, Behnke solicited existing Vaughan Company

European customers while working for Vaughan Company. By way of example only, in

April 2011, Behnke corresponded with Franco Turbessi, a Vaughan Company

representative in Italy about GBFT supplying mixing system for European biogas

Projects.

24.     Behnke's association with Vaughan Company ended on or about November

10, 2011.

Defendants' Infringement of Vaughan's Copyrighted Works

25.     Behnke travelled back and forth to Europe several times for Vaughan

Company in an effort to develop sales of the ROTAMIX® product in mixing applications

for anaerobic digestion projects—*i.e.*, generating electricity from biogas (mostly

methane), a by-product of the digestion process.

26.     During a sales trip to Italy in or around May 14, 2008, Behnke, on

information and belief, took or had taken photos to be used in Vaughan Company

marketing, including photos of customer facilities where Vaughan Company had

equipment installations. One such photo, titled "Chopped material" is attached hereto as

Exhibit A.  Vaughan owns U.S. Copyright Registration No. VAu-106-404 (Exhibit B),

with an effective date of August 13, 2012 for the photographic work entitled "Chopped

Material."

27.     During a trip to Europe on or around February 27, 2010, Behnke, on

information and belief, took or had taken several photos to be used in Vaughan Company

marketing, including photos of customer facilities where Vaughan Company had

equipment installations.  Two photos, titled "Rotamix System," and "Wastewater tank" are attached hereto as Exhibits C and D, respectively.

28.     Vaughan owns U.S. Copyright Registration No. VAu-106-395 (Exhibit E), with an effective date of August 13, 2012 for the photographic work entitled "Rotamix System."   Vaughan owns U.S. Copyright Registration No. VAu-106-433 (Exhibit F), with an effective date of August 13, 2012 for the photographic work entitled "Wastewater tank."

29.     A product marketing brochure for GBFT's "Hydraulix™ Process Mixing System," attached hereto as Exhibit G and available at http://www.slideshare.net/rbehnke/hydraulixhandout-final, includes the Vaughan Company photos titled "Chopped material" (see Exhibit A),

30.     Use of the photo in Exhibit A by Defendants was done without the knowledge or consent of Vaughan Company.

31.     On or about August 8, 2011, Behnke, through GBFT, applied for U.S. trademark protection on the mark "Hydraulix Process Systems," which was assigned Application No. 85391974 (the '974 application) by the U.S. Trademark Office.

32.     The class of goods for the mark in the '974 application is listed as "Waste water and biowaste treatment systems, namely hydraulic pumps and automatic nozzles, sold as a unit."

33.     In response to an Official Action by the U.S. Trademark Office requesting information about the goods/services to which the mark in the '974 application would be used, Behnke supplied photos including the above-referenced photos titled "Chopped

material" (Exhibit A), "Rotamix System" (Exhibit C) and "Wastewater tank" (Exhibit D) (see Exhibit H).

34.     Use of the photos of Exhibit H by Behnke was done without the knowledge or consent of Vaughan Company.

## COUNT I – INFRINGEMENT OF
## COPYRIGHT REGISTRATION NO. VAu-106-395

35.     Vaughan Company incorporates by reference paragraphs 1 through 34 of its Complaint.

36.     Defendants have infringed and continue to infringe Vaughan's registered copyright in its photographic work entitled "Rotamix System."

37.     Behnke has induced, caused, and materially contributed to the infringing acts of GBFT.

38.     GBFT had the right and ability to control the infringing acts of Behnke, and obtained a direct financial benefit from the infringing acts of Behnke.

39.     As a result of Defendants' acts of infringement, Vaughan Company has sustained and will continue irreparable harm and damages.  Vaughan Company is entitled to recover damages and Defendants' profits from Defendants pursuant to 17 U.S.C. § 501, and no less than the statutory minimum of 17 U.S.C. § 504.

40.     On information and belief, Defendants have actual knowledge of Vaughan's copyright in its work, and elected to willfully and deliberately disregard Vaughan Company's rights, entitling Vaughan Company to an award of enhanced damages.

## COUNT II – INFRINGEMENT OF
## COPYRIGHT REGISTRATION NO. VAu-106-404

41.     Vaughan Company incorporates by reference paragraphs 1 through 40 of its

Complaint.

42.     Defendants have infringed and continue to infringe Vaughan's registered

copyright in its photographic work entitled "Chopped Material."

43.     Behnke has induced, caused, and materially contributed to the infringing

acts of GBFT.

44.     GBFT had the right and ability to control the infringing acts of Behnke, and

obtained a direct financial benefit from the infringing acts of Behnke.

45.     As a result of Defendants' acts of infringement, Vaughan Company has

sustained and will continue irreparable harm and damages.  Vaughan Company is entitled

to recover damages and Defendants' profits from Defendants pursuant to 17 U.S.C. § 501,

and no less than the statutory minimum of 17 U.S.C. § 504.

46.     On information and belief, Defendants have actual knowledge of

Vaughan's copyright in its work, and elected to willfully and deliberately disregard

Vaughan Company's rights, entitling Vaughan Company to an award of enhanced

damages.

## COUNT III – INFRINGEMENT OF
## COPYRIGHT REGISTRATION NO. VAu-106-433

47.     Vaughan Company incorporates by reference paragraphs 1 through 46 of its

Complaint.

48.     Defendants have infringed and continue to infringe Vaughan's registered copyright in its photographic work entitled "Wastewater tank."

49.     Behnke has induced, caused, and materially contributed to the infringing acts of GBFT.

50.     GBFT had the right and ability to control the infringing acts of Behnke, and obtained a direct financial benefit from the infringing acts of Behnke.

51.     As a result of Defendants' acts of infringement, Vaughan Company has sustained and will continue irreparable harm and damages.  Vaughan Company is entitled to recover damages and Defendants' profits from Defendants pursuant to 17 U.S.C. § 501, and no less than the statutory minimum of 17 U.S.C. § 504.

52.     On information and belief, Defendants have actual knowledge of Vaughan's copyright in its work, and elected to willfully and deliberately disregard Vaughan Company's rights, entitling Vaughan Company to an award of enhanced damages.

## PRAYER FOR RELIEF

WHEREFORE, Vaughan Company respectfully requests the following relief:

a.     The entry of judgment in favor of Vaughan Company on its claims of infringement of copyright under 17 U.S.C. §501(a).

b.     An award of actual damages and Defendants' profits (together with prejudgment interest from the date the infringement began) as permitted by 17 U.S.C. §501(a)(1) and (b).

c.     An award of statutory damages pursuant to 17 U.S.C. §504(a) and (c)

d.       A preliminary and/or permanent injunction against further infringement of the copyrights as permitted by 17 U.S.C. §502(a).

e.       A finding that Defendants' acts of infringement have been willful and an award of enhanced damages and/or enhanced statutory damages to Vaughan Company pursuant to 17 U.S.C. §504(c)(2).

f.       An order that Defendants, and all other persons or entities acting in concert with them or on their behalf, deliver and destroy, pursuant to 17 U.S.C. §503 any infringing materials.

g.       An award of interest on any judgment rendered in this action.

h.       An award of its attorneys' fees and costs in this action under 17 U.S.C. §505.

i.       Such other and further relief that Vaughan Company is entitled to under law, and any additional relief that this Court or a jury may deem just and proper.

## JURY DEMAND

Vaughan Company demands a trial by jury on all issues presented in this Complaint.

**CHRISTENSEN LAW OFFICE PLLC**

December 5, 2012                    By: _____ /s/ Carl Christensen _____
                                    Carl E. Christensen (#350412)
                                    800 Washington Avenue North, Suite 704
                                    Minneapolis, MN 55401
                                    Ph: (612) 823-4427, Fax: (612) 823-4777
                                    carl@clawoffice.com
                                    *Attorneys for Plaintiff Vaughan Company*

10