UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Vaughn Company,

    Plaintiff,

v.	**MEMORANDUM OPINION AND ORDER**
Civil No. 12-3056

Global Bio-Fuels Technology, LLC,
and Richard Behnke,

    Defendants.

_____

    Edward L. Bishop and Nicholas S. Lee, BISHOP & DIEHL, LTD. and Carl E. Christensen, Christensen Law Office, PLLC, Counsel for Plaintiff.

    Michael R. Carey, Molly J. Given and Alana K. Bassin, BOWMAN AND BROOKE LLP, Counsel for Defendants.

_____

**I.    Background**

The action before the Court is the second lawsuit filed by Plaintiff Vaughn Company ("Vaughn") against Defendant Global Bio-Fuels Technology, LLC ("Global") and Richard Behnke ("Behnke"). The first action was filed in the Northern District of New York on August 16, 2012, and involves claims of patent infringement, misappropriation of trade secrets, unfair competition, tortious interference with business relationships, conversion and breach of fiduciary duty.

1

(<u>Vaughn Company v. Behnke et al.</u>, Civ. No. 1:12-cv-1292 (DNH/RFT) (N.D.N.Y.) ("NY Complaint")).  This action involves claims of copyright infringement.

Vaughn is a business that is involved in the design and manufacture of chopper pumps that are used in commercial and municipal wastewater treatment.  (NY Comp. ¶ 18.)  Behnke was hired at Vaughn as a Sales Manager in January 2000.  (<u>Id.</u> ¶ 20.)  In that position, Behnke was responsible for making sales presentations to customers and potential customers of the ROTAMIX® product.  (<u>Id.</u>)  Behnke had access to proprietary trade practices, manufacturing techniques, financial information and other confidential information about Vaughn's products.  (<u>Id.</u> ¶ 21.)  Behnke was also privy to Vaughn's project proposals, including bid and proposal information, which included unique product designs, manufacturing processes, research and development testing information and customers needs.  (<u>Id.</u> ¶ 24.)

Vaughn alleges that Behnke was found to be undermining its business to customers and potential customers.  (<u>Id.</u> ¶ 26.)  As an example, Vaughn alleges that Behnke told consulting engineers that Vaughn was doing things wrong in how it implemented its mixing systems, specifically ROTAMIX®.  (<u>Id.</u>)  In late 2011, he left his position with Vaughn to start his own company in Minnesota,

Global.  (Id. ¶¶ 28, 31.)  Unbeknownst to Vaughn, however, Behnke allegedly formed Global around June 2010 - over a year before he left Vaughn's employ.  (Id. ¶ 31.)  Vaughn further alleges that Behnke solicited and made Global sales to Vaughn customers while working for Vaughn.  (Id. ¶ 33.)  Vaughn alleges that Defendants used Vaughn's proprietary and confidential information to obtain business and to compete with Vaughn.  (Id. ¶¶ 34-39.)

In August 2012, Vaughn became aware that Global had submitted a bid for a digester mixing systems project at Rensselaer County, New York.  (Id. ¶ 40.)  Vaughn alleges that certain specifications for this project, including a particular backplate and cutter bar plate, are covered by a U.S. Patents that owned by Vaughn.  (Id. ¶¶ 41-51.)   Vaughn further alleges that Defendants have submitted a number of additional bids that also include specifications that are covered by Vaughn-owned patents.

Vaughn has also alleged that Defendants misappropriated a number of Vaughn's unpublished works.  For example, during a trip to Italy in May 2008, Behnke allegedly took photos to be used in Vaughn marketing, and that one such photo is titled "Chopped material."  (Id. ¶ 64, Ex. E.)  Behnke also allegedly took a trip to Europe in February 2010, while employed by Vaughn, and had a number

of pictures taken for use in Vaughn marketing, including photos of customer facilities where Vaughn had installed its products, including a photos depicted in Exhibit F to the Complaint.  (Id. ¶ 65, Ex. F.)  Vaughn alleges that Defendants used these photos without Vaughn's permission in Global marketing efforts.  (Id. ¶ 68-69.)   These allegations form the bases of claims for misappropriation of trade secrets, unfair competition, tortious interference with business relationships and conversion.

The action before this Court was filed on December 6, 2012.  In this action, Vaughn has asserted a number of claims against Defendants for copyright infringement.  In support of these claims, Vaughn has included allegations concerning photos taken in Italy in May 2008 and Europe in February 2010 of Vaughn equipment installations.  (MN Comp. ¶¶ 26, 27.)  These are the same allegations that are included in the New York Complaint.  (NY Comp. ¶¶ 64, 65.)  The photos depicted in Exhibits E and F to the NY Complaint are attached to the Complaint in this case as Exhibits A and D.  Vaughn also alleges that Defendants used these photo in a marketing brochure without Vaughns' permission.  (MN Comp. ¶ 29, Ex. G.)  This same brochure is attached to the New York Complaint as Exhibit J.

## II.   Defendants' Motion to Dismiss

Defendants argue that the allegations asserted in this case largely overlap the allegations included in the New York action, and that the claims asserted in this case could have been brought in the New York action. Because Vaughn has split its causes of action in different districts of the United States, there is a concern that the two actions will have inconsistent results, and that the two actions needlessly impose additional burdens on the Defendants and is not an efficient use of judicial resources. Defendants thus move to dismiss this action, or in the alternative, to stay this action pending the outcome of the New York action.

Federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them." Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976). Where two federal courts have concurrent jurisdiction over the same issues or claims, however, it may be appropriate for one court to decline jurisdiction in order to conserve judicial resources and to comprehensively dispose of litigation. Id. (quoting Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co., 342 U.S. 180, 183 (1952)). While the general rule is to avoid duplicative litigation, the determining factors should be equitable in nature."

Brewer v. J.D. Swinson, 837 F.2d 802 804 (8th Cir. 1988).

Many courts, including the Eighth Circuit, follow the "first to file" rule - "where two courts have concurrent jurisdiction, the first court in which jurisdiction attaches has priority to consider the case." Orthmann v. Apple River Camp Ground, Inc., 756 F.2d 119, 121 (8th Cir. 1985)). See also, Northwest Airlines, Inc. v. American Airlines, Inc., 989 F.2d 1002 (8th Cir. 1993) (finding that the purpose of the first-filed rule is to avoid conflicting rulings and to conserve judicial resources). This rule is not to be applied rigidly, and should "yield to the interests of justice" where compelling circumstances dictate. Id.

The Court must first determine whether the actions are duplicative. Both actions involve the same parties, and will require the courts to determine whether Defendants had the right to use the photographs that are attached to both complaints. Although the New York and Minnesota actions did not assert the same claims with regard to the photographs, the actions can be considered duplicative if different legal theories "rely on 'a common nucleus of operative fact' and 'effectively the same relief . . . in both cases.'" Friez v. First Am. Bank & Trust of Minot, 324 F.3d 580, 581 (8th Cir. 2003). There can be no question that the claims involving the photographs rely on a common nucleus of operative fact

- the photographs are the same and the allegations concerning the photographs appear in both actions. Accordingly, the Court finds the actions are duplicative.

The next issue is whether the equitable considerations of judicial administration, judicial economy and comprehensive disposition of litigation requires this Court to decline jurisdiction in favor of the first filed New York action. The New York action is clearly more comprehensive than this action. In addition, Defendants have included copyright-related counterclaims in the New York action. Under these circumstances, judicial economy favors the New York action over this action.

Vaughn asserts that it could not have raised the copyright claims in the New York action because it did not obtain copyright registrations until after that action was filed. This argument has no merit, however, as the Supreme Court has held that the registration requirement in the Copyright Act is a precondition to filing a copyright infringement claim; it is not jurisdictional and therefore does not restrict a federal court's subject-matter jurisdiction with respect to infringement suits involving unregistered works. <u>Reed Elsevier, Inc. v. Muchnick</u>, 559 U.S. 154, 130 S.Ct. 1237, 1247 (2010). Furthermore, it is clear that Vaughn has now received copyright registration for the photographs at issue,

and that such registrations are effective as of the date of the application. Accordingly, there is no longer any impediment to bringing the copyright claims in the New York action.  See Levine v. Landy, 832 F. Supp.2d 176, 183 (N.D.N.Y. 2011) (Hurd, J.) (permitting copyright claims even though registrations did not issue until after complaint was filed).

Based on the above, the Court will grant Defendants' motion and will dismiss this action as Vaughn's copyright claims are best litigated in the New York action.

IT IS HEREBY ORDERED that Defendants' Motion to Dismiss [Doc. No. 13] is GRANTED.  This matter is dismissed without prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Date:   May 7, 2013

s/ Michael J. Davis  
Michael J. Davis  
Chief Judge  
United States District Court